UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM JEROME SMITH,                     Case No. 1:21-cv-426
      Petitioner,

                                         Black, J.
   vs.                                Bowman, M.J.

WARDEN, BELMONT                 **REPORT AND**
CORRECTIONAL INSTITUTION,      **RECOMMENDATION**
      Respondent.

Petitioner, an inmate in state custody at the Belmont Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and the return of writ, to which petitioner has not replied. (Doc. 4, 8).

For the reasons stated below, the undersigned recommends that the petition be dismissed because it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

## I.  PROCEDURAL HISTORY

On February 23, 1987, petitioner pled guilty to one count of aggravated robbery in the Hamilton County Court of Common Pleas. (*See* Doc. 7 at PageID 164-67). Petitioner was sentenced to an indefinite prison term of 7-25 years in the Ohio Department of Corrections. (*Id.* at PageID 161). On July 6, 1992, petitioner was released on parole to his home address in Alabama. (*Id.* at PageID 48, 132).

While on parole, petitioner indicates that he was charged and convicted of aggravated robbery in the Alabama Circuit Court. Petitioner was sentenced to a twenty-five year prison term. (*See* Doc. 4 at PageID 23-24; Doc. 7 at PageID 134-35). On April 3, 2006, petitioner was again released on parole. (*Id.* at PageID 24; Doc. 7 at PageID 92). On July 23, 2007, petitioner indicates that his parole was revoked and he served the remainder of his Alabama sentence. (*Id.*

at PageID 24).

On January 9, 2018, the Ohio Adult Parole Authority notified petitioner that it was conducting a parole release violation hearing.  (Doc. 7 at PageID 138-39).  On February 5, 2018, petitioner attended a parole revocation hearing.  The OAPA found him guilty of the charged parole violations, a revocation order was entered, and petitioner was ordered to serve the remainder of his 7-25 year Hamilton County, Ohio prison sentence.  (*See* Doc. 4 at PageID 24-25; Doc. 7 at PageID 140-42).

### State Habeas Corpus Petition

On May 23, 2019—more than a year after his parole revocation—petitioner filed a pro se petition for a writ of habeas corpus in the Ohio Court of Appeals.  On July 29, 2020, the Ohio appeals court dismissed the petition.  (Doc. 7 , Ex. 4).

Petitioner filed an appeal to the Ohio Supreme Court, which was dismissed for petitioner's failure to file a brief.  (Doc. 7, Ex. 5).

### Federal Habeas Corpus

On June 2, 2021, petitioner commenced the instant federal habeas corpus action.[1]  (*See* Doc. 1 at PageID 15).  Petitioner raises the following ground for relief in the petition:

> **GROUND ONE**: The Petitioner was denied due process of law in violation of Article I; Section 16 of the Ohio Constitution; the Fifth and Fourteenth Amendments of the United States Constitution; Ohio's Speedy Trial Statutes, the Double Jeopardy Clause of the Ohio and United States Constitution and Ohio Revised Code 2967.15.

---

[1] The petition was received by the Court on June 23, 2021.  (*See* Doc. 1).  Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on June 2, 2021.  (*See* Doc. 4 at PageID 28).  Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on June 2, 2021.

**Supporting Facts**: The Petitioner's sentence for an Ohio parole violation is null and void, in violation of his Due process rights; in violation of Article I; Section 16 of the Ohio Constitution and the Fifth and Fourteenth Amendments of the United States Constitution; in violation of Ohio's Speedy Trial Statues and in violation of the double jeopardy protections.  Further, his sentence is contrary to law pursuant to Ohio Revised Code §2967.15; Beach v. McAninch, 111 Ohio App. 3d 667, 668, 676 N.E.2d 1226, 1227, 1996 Ohio App. LEXIS 2597, *1 (Ohio Ct. App., Ross County June 14, 1996); Roberson v. Mohr, 73 Ohio App. 3d 262, 264, 596 N.E.2d 1112, 1113, 1991 Ohio App. LEXIS 2405, *1 (Ohio Ct. App., Ross County April 23, 1991); King v. Maxwell, 173 Ohio St. 536, 536, 184 N.E.2d 380, 381, 1962 Ohio LEXIS 681, *1, 20 Ohio Op. 2d 152, 20 Ohio Op. 2d 152 (Ohio July 11, 1962); Moss v. Patterson, 555 F.2d 137, 137, 1977 U.S. App. LEXIS 13292, *1,8 Ohio Op. 3d 143, 8 Ohio Op. 3d 143 (6th Cir. Ohio May20, 1977); Williams v. Ohio - Adult Parole Authority, 1989 Ohio App. LEXIS 4936, *1, 1989 WL 159220, 1989WL 159220 (Ohio Ct. App., Scioto County December 19, 1989)

1. The Petitioner was convicted and sentenced in the Hamilton County Court of Common Pleas in Case No. B865144 for a charge of aggravated robbery.  He was sentenced to a term of imprisonment of 7-25 years in the Ohio Department of Corrections. Petitioner served the minimum sentence of 7 years and was paroled by the Ohio Parole Board.

2. Upon release on that term of parole.  Petitioner was paroled to his home address in the state of Alabama.  While on parole from Ohio in Alabama, Petitioner was charged and convicted in Alabama for a separate and unrelated charge of aggravated robbery in Case No.  CC-93-000810-00 in the Mobile, Alabama Circuit Court.  As a result of his conviction in that case, he was sentence to a term of imprisonment in the Alabama Department of Corrections for a term of 25 years, which was ordered to be served concurrently to his Ohio sentence out of Hamilton County.

3. On April 03, 2006, Alabama paroled the Petitioner and the Petitioner was released on parole to his home in Alabama.  It should he noted that at no time during the Petitioner's term of imprisonment in Alabama, did the Ohio Parole Board ever issue a warrant for the Petitioner's arrest for any parole violation whatsoever and at no time prior to the Petitioner's release from his Alabama sentence, did the Ohio Parole Board ever lodge a detainer against the Petitioner for any alleged violations of his term of Ohio Parole.

4. Then, in June of 2007, the Petitioner violated his parole in Alabama; was sent back to prison and then and only then, once his full term of 25 years served in Alabama, did the Ohio Parole Board ever lodge a detainer against him for a parole

3

violation.   In the alleged parole violation's from Ohio, the sole violations stem from the Petitioner's criminal activity in Alabama while on parole there.   Never did the Petitioner return to Ohio after his releases from imprisonment in Alabama and conduct any criminal activity within Ohio.

5. Once the Petitioner was returned to Ohio for his parole hearing on February 5th, 2018, where the Petitioner was ordered to serve the remainder of his 7-25 year term of imprisonment in the Ohio Department of Corrections, minus time for the 7 years that he previously served in Ohio prior to his parole.

Therefore, the petitioner was denied his rights to due process of law, was denied his rights to a speedy trial and is serving the same sentence twice, creating double jeopardy.

(Doc. 1).

Respondent has filed a return of writ in opposition to the petition.  (Doc. 8).  According to respondent petitioner's ground for relief is time-barred, non-cognizable, and procedurally defaulted.  As noted above, petitioner has not filed a reply to the return of writ.

## II.  THE PETITION SHOULD BE DENIED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner challenges the February 5, 2018 decision revoking his parole. Ohio does not provide for judicial review of parole revocation proceedings and the order of revocation therefore became final on February 5, 2018. *See Klopp v. Wolfe*, 8 F. App'x 444, 446 (6th Cir. 2001) (finding that a parole revocation becomes final "when a hearing officer for the Ohio Adult Parole Authority determines that the defendant violated the conditions of his release and, therefore, the revocation sanction should be imposed"); *Papenfus v. Tibbals*, 289 F. Supp. 2d 897, 901 (N.D. Ohio 2003) (noting that because there is no provision for an appeal from a parole revocation, the AEDPA statute of limitations begins to run from the date the petitioner was sentenced as a parole violator). *See also McBroom v. Richard*, Case No. 17-3599, 2017 WL 6016384, at *2 (6th Cir. Nov. 8, 2017) (finding that a parole revocation decision was final for purposes of § 2244(d)(1)(A) on the date the petitioner's parole was revoked); *Fikes v. Warden*, Case No. 2:16-cv-832, 2017 WL 660639, at *2 (S.D. Ohio Feb. 15, 2017) ("This court has previously held, citing numerous decision from both the Sixth Circuit Court of Appeals and other District Courts, that the statute of limitations based on a parole revocation accrues on the date that the revocation becomes final.") (Report and Recommendation), *adopted*, 2017 WL 927648 (S.D. Ohio Mar. 8, 2017). The statute commenced running on February 6, 2018, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on February 6, 2019, absent

5

the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case, as petitioner did not file any applications for post-conviction relief or collateral review during the limitations period. Petitioner's May 23, 2019 state court habeas corpus petition was filed after the expiration of the limitations period. Because the petition was filed after the one-

6

year statute of limitations had already expired, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner is not entitled to equitable tolling in this case. Petitioner has not argued, much less demonstrated, that he diligently pursued his rights or that an extraordinary circumstance prevented him from filing a timely habeas petition. As noted above, petitioner has not responded to the return of writ and he does not include any argument as to the timeliness of his petition in this case. (*See* Doc. 1 at PageID 27). Petitioner has therefore failed to demonstrate that he was

7

diligent in waiting from February 5, 2018 (the date of his parole revocation) until June 2, 2021 to file his habeas corpus petition or that an extraordinary circumstance prevented him from doing so. *Hall*, 662 F.3d at 749. Petitioner is therefore not entitled to equitable tolling.[2]

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition be **DENIED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d)**.**

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[2] To the extent that petitioner may contend he was diligent in pursuing relief in the Ohio courts through a habeas corpus petition, the undersigned notes that his state habeas petition was filed over a year after the revocation decision. In any event, the Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. *See Vroman*, 346 F.3d at 605 (finding that the petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").

[3] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


<u>*s/Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

WILLIAM JEROME SMITH,
     Petitioner,

    vs.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,
     Respondent.

Case No. 1:21-cv-426

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10